**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PENNSYLVANIA INSURANCE** | : | **CIVIL ACTION** |
| **ASSOCIATION, INC., et al.,** | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | **No.: 14-cv-759** |
| | : | |
| **LOUIS CAMPISANO, et al.,** | : | |
| **Defendants.** | : | |

<u>**REPORT AND RECOMMENDATION**</u>

**LYNNE A. SITARSKI
UNITED STATES MAGISTRATE JUDGE**                    **December 14, 2015**

Presently before the Court is Defendants' Motion to Enforce Settlement (ECF No. 56),

Plaintiffs' response in opposition (ECF No. 57), and Defendants' reply (ECF Nos. 59, 61).   The

instant matter was referred to this Court by the Honorable C. Darnell Jones II.[1]   (Order, ECF No.

58).   For the following reasons, this Court respectfully recommends that Defendants' Motion to

Enforce be **DENIED AS MOOT.**

**I.        DISCUSSION**

Pennsylvania Insurance Corporation, Inc. and TGIF Premium Finance, Inc., (collectively,

"Plaintiffs") originated the underlying action against Louis Campisano ("Campisano"),

Renaissance Retention Group, Inc., ("Renaissance"), Marie Claire Goff ("Goff"), and Taft

---

[1]   A motion to enforce settlement is considered a case-dispositive motion.   *See Saber v.
FinanceAmerica Credit Corp*., 843 F.2d 697, 702-03 (3d Cir. 1988) (holding that order to enforce
settlement, which concerns remedy of specific performance, is dispositive of parties' substantive
rights); *Glen Ridge SurgiCenter, LLC v. Horizon Blue Cross & Blue Shield of New Jersey*, No.
08-6160 JLL, 2011 WL 5882019, at *1 (D.N.J. Nov. 22, 2011) (motion to enforce settlement
"concerns a dispositive issue").   Because the referred motion is dispositive as between Plaintiff
and Settling Defendants, it is appropriately before this Court for a Report and Recommendation
pursuant to 28 U.S.C. § 636(b)(1)(B).

Companies LLC ("Taft"), in the Court of Common Pleas of Philadelphia County, Pennsylvania on

December 9, 2013.   (Defs.' Notice of Removal Ex. A at 18, ECF No. 1-4).   The Complaint,

which was subsequently removed to federal court on the basis of diversity jurisdiction and an

amount in controversy in excess of $75,000, asserted claims for fraud and conspiracy to commit

fraud against all defendants (Counts I and II), and fraud against Campisano and Renaissance

(Count III).   (*Id.* ¶¶ 73-109).   On November 20, 2015, Plaintiffs' filed an Amended Complaint

asserting negligent misrepresentation (Count IV) as an additional claim to relief against

Campisano and Renaissance.[2]   (Am. Compl. ¶¶ 106-130, ECF No. 63).

   On August 27, 2015, Plaintiffs reached an agreement with Taft and Goff (collectively, "the

Settling Defendants") to settle this matter.   (Defs.' Mot. 4; Pl.'s Resp. 8-10).   On September 3,

2015, the Settling Defendants prepared a written agreement memorializing the settlement ("the

September 2015 Agreement"), and forwarded it to Plaintiffs' counsel for review.   (Defs.' Mot. to

Enforce Ex. F, ECF No. 56-6).   From September 3, 2015 to September 22, 2015, the parties

engaged in negotiations regarding the language of the settlement agreement.   (*See* Defs.' Mot. to

Enforce Exs. F, G, H, ECF Nos. 56-6, 56-7, 56-8).   On September 22, 2015, the Settling

Defendants agreed to remove certain contested language in its entirety, and sent a revised draft to

Plaintiffs for execution and to obtain payee information.   (*Id.* Ex. H).   Plaintiffs then advised that

they did not assent to language regarding the scope of indemnification Plaintiffs would provide to

the Settling Defendants.   (Pl.'s Resp. 11).

---

   [2]   Counts I and II pertained to the issuance of insurance policies after the Pennsylvania
Department of Insurance issued an order enjoining Defendants from doing so.   (Am. Compl. ¶¶
75-90).   Counts III and IV pertained to alleged representations made by Campisano and
Renaissance regarding the financial health and solvency of a risk retention group that provided
insurance to taxicabs.   (*Id.* ¶¶ 91-130).

On November 5, 2015, the Settling Defendants filed the instant motion to enforce the September 2015 Agreement.   (Defs.' Mot., ECF No. 56).   The matter was referred to the undersigned, and I scheduled a hearing for December 8, 2015.   (Order, ECF No. 62).   At the outset of the hearing, the parties notified the Court that they might be able to resolve the motion. Following additional discussions between counsel, the parties advised the Court that they had agreed to certain substantive revisions to the September 2015 Agreement.   In relevant part, Plaintiffs agreed that they would withdraw Counts I and II of the Amended Complaint with prejudice, which would serve to remove the Settling Defendants from the lawsuit.   Counsel for the Settling Defendants read the new terms of settlement into the record, and counsel for Plaintiffs acknowledged that Plaintiffs agreed to these terms.   Plaintiffs' representative, who was present at the hearing, also acknowledged that he understood and agreed to the revised terms of settlement.

It is axiomatic that "a federal court may adjudicate only actual, ongoing cases or controversies."   *Burkey v. Marberry,* 556 F.3d 142, 147 (3d. Cir. 2009) (internal quotations omitted).   In this case, Plaintiffs and the Settling Defendants have now agreed to terms of settlement, and have manifested their mutual assent to these terms on the record.   The Settling Defendants' motion to enforce the September 2015 Agreement has been mooted by the parties' subsequent agreement of December 8, 2015.   Accordingly, I recommend that the Settling Defendants' Motion to Enforce Settlement be denied as moot.[3]

---

[3]   I note that one of the new terms of settlement agreed to by the parties on December 8, 2015 is that Plaintiffs will voluntarily withdraw Counts I and II with prejudice.   Plaintiffs may require leave of Court to withdraw these claims in order to effectuate their settlement agreement, *see* Fed. R. Civ. P. 41(a)(2); however, that issue is not properly before this Court at this time.

**II.      CONCLUSION**

For the forgoing reasons, this Court recommends that the Settling Defendants' Motion to Enforce Settlement be **DENIED** as moot.

Therefore, I make the following:

**RECOMMENDATION**

AND NOW, this <u>14TH</u> day of December, 2015, **IT IS RESPECTFULLY**

**RECOMMENDED** that the Settling Defendants' Motion to Enforce Settlement (ECF No. 56) be

**DENIED AS MOOT**.


BY THE COURT:


     /s/ Lynne A. Sitarski
LYNNE A. SITARSKI
UNITED STATES MAGISTRATE JUDGE